```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PAUL NELSON WHITE,                                             :
                Plaintiff,                                     :
                                                               :    MEMORANDUM DECISION
v.                                                             :
                                                               :    14 CV 10271 (VB)
NEW YORK STATE DEPT OF                                         :
CORRECTIONAL SERVICES &                                        :
COMMUNITY SUPERVISION,                                         :
CORRECTION OFFICER FREDDIE                                     :
TORRES, and CORRECTION OFFICER                                 :
EMAN SULIEMAN-SOTO,                                            :
                Defendants.                                    :
--------------------------------------------------------------x
```

Briccetti, J.:

Pro se plaintiff Paul Nelson White brings this employment discrimination action against his former employer, the New York State Department of Corrections and Community Supervision ("DOCCS"), and two former co-workers, Correction Officers Torres and Sulieman-Soto. Construing plaintiff's submissions liberally, he alleges he was subjected to a hostile work environment and was constructively discharged because of his race and religion.

Familiarity with the relevant facts, which are recounted here only to the extent necessary to decide the instant motion, is presumed.

By Memorandum Decision dated October 20, 2015 (Doc. #17), the Court granted defendants' motion to dismiss both the Title VII and New York State Human Rights Law claims under Rule 12(b)(6) because plaintiff did not plausibly allege he was the victim of a steady barrage of opprobrious racial or religious comments, as opposed to sporadic slurs, such that he failed to state either a hostile work environment claim or that he was constructively discharged. The Court nonetheless granted plaintiff leave to file an amended complaint in order to attempt to state a valid claim. Plaintiff was directed to "include all of the factual allegations he believes

1

show that he was harassed or discriminated against <u>because</u> of his race or religion." (Doc. #17, at 8) (emphasis in original).

Plaintiff filed an amended complaint on November 4, 2015 (Doc. #19), and defendants again moved to dismiss under Rule 12(b)(6).  (Doc. #20).

For the reasons set forth below, the motion is GRANTED.

Despite being given a second opportunity to do so, plaintiff still fails plausibly to allege he was subjected to a steady barrage of opprobrious racial or religious comments, as opposed to sporadic slurs, because of his race or religion.  As such, plaintiff fails to allege sufficient facts to show a reasonable person would find the work environment hostile or abusive based on race or religion.  See <u>Chick v. Cty. of Suffolk</u>, 546 F. App'x 58, 59 (2d Cir. 2013) (summary order); <u>Schwapp v. Town of Avon</u>, 118 F.3d 106, 110 (2d Cir. 1997).  As in his initial complaint and associated submissions, the only allegations in plaintiff's amended complaint plausibly evincing racial or religious hostility are the allegations that Sulieman-Soto called him "preacher man" and told him his "God is not real," and that Torres called him a "fake Rican" because plaintiff is black but speaks Spanish.  The other race-neutral or creed-neutral alleged harassments in the amended complaint do not plausibly evince a hostile work environment based on race or religion.  See <u>Alfano v. Costello</u>, 294 F.3d 365, 377 (2d Cir. 2002).

For the reasons set forth in the Court's previous Memorandum Decision, these few allegations are insufficient to state a hostile work environment claim under Title VII or the State Human Rights Law.  Title VII does not create a "general civility code" for the workplace; unpleasant or frustrating work environments do not constitute a hostile work environment based on race or religion.  See <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210, 223 (2d Cir. 2004).  And because the amended complaint does not plead a hostile work environment claim, plaintiff's constructive

discharge claim necessarily fails as well.  See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 725 (2d Cir. 2010).

Plaintiff's Title VII and State Human Rights Law claims are dismissed with prejudice.[1]

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #20) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated:  March 11, 2016
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] To the extent plaintiff attempts to state a claim under the New York City Human Rights Law, that claim must be dismissed because none of the alleged conduct took place in New York City – it all occurred at the Mt. Vernon Hospital in Mt. Vernon, New York, or at the Bedford Hills Correctional Facility in Bedford Hills, New York.  See Fried v. LVI Servs., 500 Fed. App'x 39, 42 (2d Cir. 2012) (summary order); Wahlstrom v. Metro–North Commuter R.R. Co., 89 F.Supp.2d 506, 527 (S.D.N.Y.2000).